**In the Matter of Dr. J. Herbert FILL, Debtor.**

**Bankruptcy No. 85 B 11531(TLB).**

United States Bankruptcy Court, S.D. New York.

Aug. 18, 1987.

See also, Bkrtcy., 68 B.R. 923.

Paul, Weiss, Rifkind, Wharton & Garrison by Jeffrey B. Sklaroff, New York City, for Leon Gray, trustee.

Kensington, James & Ressler by Stuart M. Bernstein, New York City, for Antje Mullikas Fill.

## MEMORANDUM OPINION AND ORDER DIRECTING ANTJE MULLIKAS FILL TO PAY HER PRO–RATA SHARE OF ATTORNEYS' FEES

TINA L. BROZMAN, Bankruptcy Judge.

Antje Mullikas Fill ("Mrs. Fill"), the former wife of Dr. J. Herbert Fill, the debtor in this chapter 7 case (the "Debtor"), has requested this court to declare that she is not liable for the payment of any attorneys'

fees in connection with the sale of an apartment which she owns jointly with the Debtor.

The Debtor filed his petition on September 19, 1985. Leon Gray was appointed trustee. He sought court approval to sell apartment 1B at 1056 Fifth Avenue, New York, New York. The costs of the sale will include a broker's commission and attorneys' fees. Mrs. Fill consents to the sale and agrees to be charged with a pro-rata share of the broker's commission. She objects, however, to the payment of any attorneys' fees from her pro-rata share of the proceeds, contending that 11 U.S.C. § 363(j) only requires her to pay her pro-rata share of the costs of the sale and not any attorneys' fees.

Section 363(j) provides that "[a]fter a sale of property to which subsection ... (h)[1] applies, the trustee shall distribute to the debtor's spouse ... the proceeds of such sale less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse ...." The case law, legislative history, and commentary on this subsection are scant. The legislative history merely states that "the Trustee [is] to distribute to the spouse ... the appropriate portion of the proceeds of the sale, less certain administrative expenses." H.R.Rep. No. 95–595, 85th Cong., 1st Sess. (1977) P. 346, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6302. The leading treatise on bankruptcy paraphrases the language of the statute and provides that the spouse may be charged with his or her pro-rata share of costs of the sale but not with administrative expenses. 2 L. King, Collier on Bankruptcy, ¶ 363.10 at 363–37–38 (15th ed. 1987). It is on this comment, in fact, that Mrs. Fill rests her argument that none of the expenses of administration are chargeable to her, including the fees of the attorneys' in connection with the sale.

We do not believe the statute compels that result, at least not where the spouse or co-owner consents to the sale. Rather, we believe that the consenting spouse is chargeable with the costs of sale, including reasonable attorneys' fees, but limited to fees for services which were necessary and directly benefitted the spouse.

We draw this conclusion from the plain meaning of section 363(j) and by analogy to 11 U.S.C. § 506(c).[2] The latter section empowers a trustee who sells property on behalf of a lienholder to recover from the proceeds of a sale of property, the "reasonable, necessary costs and expenses of ... disposing of, such property to the extent of any benefit to" the lienholder. Congress' intent in enacting section 506(c) was to ensure that "[a]ny time the trustee ... expends money to provide for the reasonable and necessary cost and expenses of ... disposing of a secured creditor's collateral, the trustee ... is entitled to recover such expense from the secured party or from the property securing an allowed secured claim held by such party." 124 Cong.Rec. H11095 (daily ed. Sept. 28, 1978). Under this section, a lienholder is *only* responsible for costs and attorneys' fees that are for his direct benefit, and not for any other fees. *See General Electric Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)* 739 F.2d 73, 76 (2d Cir.1984); *Gravel, Shea & Wright v. Bank of New England (In re New England Carpet Co.)* 744 F.2d 16 (2d Cir.1984).

Thus, we hold that when a sale is made pursuant to section 363(h) with the consent of the spouse or co-owner, the spouse or co-owner must pay his or her pro-rata share of the expenses including attorneys' fees, which directly benefitted him or her. Accordingly, from Mrs. Fill's share of the proceeds of sale there shall be deducted half of the expenses of the sale, including a reasonable attorneys' fee, the amount to be determined after submission to the court of

---

1. 11 U.S.C. § 363(h) empowers the trustee to sell an interest of the estate and any co-owner, subject to section 363(i), with which he has complied in this case.

2. Given the paucity of precedent concerning sales of spousal interests, Collier, too, refers to the law regarding lienholders when analyzing the distribution of proceeds to a spouse or co-owner. 2 L. King, Collier on Bankruptcy, ¶ 363.01 at 363–14 (15th ed. 1986).

an appropriate fee application on notice to Mrs. Fill

IT IS SO ORDERED.